UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

FILED BY

2007 SEP -5 PM 3: 43

CLARENCE MADDO.
CLERK U.S. DIST. CT.
S.D. OF FL.-MIAMI

SUZANNE JONES,

Plaintiff,

vs.

NEBULA GLASS INTERNATIONAL,
INC. d/b/a GLASSLAM and N.G.I.,
INC., JELD-WEN, INC, and CARDINAL
IG COMPANY,

Defendants/

# 07-22328
## CIV-MOORE
MAGISTRATE JUDGE
GARBER

## JELD-WEN, inc.'s NOTICE OF AND PETITION FOR REMOVAL

Defendant JELD-WEN, inc., hereby gives notice of and removes this case
pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1446, and 1453
from the Circuit Court of Miami-Dade County, Florida, to the United States District
Court for the District of South Florida, Miami Division.   JELD-WEN denies the
allegations contained in the complaint and the damages alleged therein and files this
Notice without waiving any defenses, exceptions, or obligations that may exist in its
favor in state or federal court.[1]

As grounds for removal of this action, JELD-WEN shows as follows:

---

[1] Nothing in this Notice is to be construed as an admittance of liability or a confirmation of the amount of
damages alleged. Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005) (holding that
a defendant does "not have to confess liability in order to show that the controversy exceeds the threshold"
under CAFA).

I.      **STATEMENT OF COMMENCEMENT OF ACTION**

Plaintiff filed this putative class action on August 14, 2007, Case No. 07-25640CA25, in the Circuit Court of Miami-Dade County, Florida.  JELD-WEN was served with the Summons and Complaint on or about August 20, 2007.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of first receipt of the original state court pleadings.

II.     **PLEADINGS AND NOTICE TO STATE COURT**

True and correct copies of the Complaint and all other process, pleadings, and orders received by JELD-WEN to date with respect to this action are attached as Exhibit A hereto and are being filed along with this Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on the representative plaintiff, and is being filed with the Circuit Court of Miami-Dade County, Florida.  A copy of that Notice is attached as Exhibit B.

III.    **STATEMENT OF STATUTORY BASIS FOR JURISDICTION**

This action is within the original subject matter jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(d)(2)(A).  This section vests federal district courts with original jurisdiction over a class action in which any putative class member is a citizen of a state different from any defendant, in which the number of putative class members is 100 or greater, and in which the amount in controversy exceeds $5,000,000, exclusive of interests and costs.  Id. §§ 1332(d)(2)(A), (d)(5)(B).  Further, a class action may be removed to a federal district court without regard to whether any defendant is a citizen of the State in which the action is brought.  Id. § 1453(b).  Further, Defendant

JELD-WEN may remove without the consent of all Defendants. As discussed more fully below, this action satisfies all of the statutory requirements.

## IV. EXISTENCE OF A CLASS ACTION

For purposes of federal jurisdiction, a class action is any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or any "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." Id. § 1332(d)(1)(B). A class need not be certified prior to a federal court taking jurisdiction under § 1332(d)(2). Id. § 1332(d)(8). The Plaintiff, individually, and as a representative of those "similarly situated," alleges that she purchased "hurricane proof" windows and glass doors from Defendant [JELD-WEN], which were manufactured with resin supplied by Defendant Glasslam and/or laminated glass products supplied by Cardinal." (Class Complaint at ¶ 4).

Plaintiff brings claims against JELD-WEN alleging breach of implied warranties and breach of contract by and on behalf of a class of persons who purchased JELD-WEN windows and/or doors. Based on the Complaint, JELD-WEN manufactured these windows and/or doors with resin supplied to JELD-WEN by Glasslam or with glass products containing resin supplied to Cardinal by Glasslam.[2] The Plaintiff also claims that she and the putative class members are "third-party beneficiaries" of the contract between Glasslam and JELD-WEN and Cardinal and JELD-WEN. (Class Complaint at ¶ 14). Plaintiff does not allege that she purchased any products directly from Glasslam and/or Cardinal.

---

[2] The windows in question were manufactured using resin supplied to Glasslam by Reichhold, Inc. This resin was the subject of a lawsuit between Glasslam and Reichhold in which the jury determined that the resin was defective and awarded damages to Glasslam. See Nebula Glass Internat'l, Inc. v. Reichhold, Inc., 454 F.3d 1203 (11th Cir. 2006) (discussing facts related to defective Reichhold resin).

The Putative Class Representative alleges that JELD-WEN, Glasslam, and Cardinal have placed a product "into the stream of commerce that was not fit for its intended purpose forcing Class members to expend tens of thousands of dollars to install replacement windows and glass doors."  (Id. at ¶ 8).  The Putative Class Representative seeks recovery on behalf of "thousands of Class members."  (Id. at ¶ 18).  The Complaint seeks both replacement windows and labor costs for replacing those windows.  (Id.)  The jurisdictional basis for the Complaint is Florida Rule of Civil Procedure 1.220. This rule governing class actions in Florida is similar to Federal Rule of Civil Procedure 23. Therefore, this case meets the definition of a class action under 28 U.S.C. § 1332(d)(1)(B).

## V.    CITIZENSHIP OF THE PARTIES

Under the provisions of CAFA, specifically 28 U.S.C. § 1332(d)(2)(A), federal district courts have jurisdiction over a class action where "any member of a class of plaintiffs is a citizen of a State different from any defendant."  Section 1332(c)(1) deems a corporation to be a citizen of the state in which it is incorporated and the state in which it operates its principal place of business.

Here, the putative class representative is  alleged  to  be  a resident  of Florida. (Complaint at ¶ 4).  JELD-WEN is an Oregon corporation with its principal place of business in Klamath Falls, Oregon.  (See Affidavit of Andrew Rink at ¶ 2,, attached as Exhibit C). JELD-WEN is therefore diverse from the putative class representative and the minimal-diversity criterion of § 1332(d)(2)(A) is satisfied.

## VI.    NUMEROSITY

Section 1332(d)(2) vests jurisdiction in the federal district courts when the class consists of 100 or more putative members. 28 U.S.C. § 1332(d)(5)(B). In the present case, the purported class allegedly consists of "thousands" of persons who have purchased windows from JELD-WEN. (Complaint at ¶ 18.) The "numerosity" requirements of Section 1332(d)(2) are therefore satisfied on the face of the Complaint. Moreover, based on information available to JELD-WEN, JELD-WEN is informed and believes that there are approximately 400 homes equipped with JELD-WEN windows and or doors containing the defective resin. (Affidavit of Andrew Rink at ¶ 7). Based on this information, the "numerosity" requirements of Section 1332(d)(2) are satisfied.

## VII.   AMOUNT IN CONTROVERSY

Under CAFA, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests or costs." 28 U.S.C. § 1332(d)(6). In this matter, the Complaint seeks "tens of thousands of dollars" per class member for the costs of installing replacement windows and doors. (Compl. ¶ 8).

As noted above, JELD-WEN is informed and believes that the putative class contains a minimum of 400 persons. (Affidavit of Andrew Rink at ¶ 7). Moreover, JELD-WEN is informed and believes that there are approximately 29,000 affected laminated glass units containing the defective resin, and that the average cost of repairing one laminated class unit is approximately $1000. (Affidavit of Andrew Rink at ¶¶ 6, 8). Using these estimates, the aggregate amount at issue clearly exceeds the five million dollar jurisdictional threshold. (Id. at ¶ 8). If the class's claims are successful, therefore,

JELD-WEN would be liable for an aggregate sum exceeding the minimum amount-in-controversy.

## X.   REQUEST FOR BRIEFING AND ORAL ARGUMENT

In the event any question arises as to the propriety of the removal of this matter, JELD-WEN requests the opportunity to present briefs, oral argument, and, if necessary, additional affidavits and other evidence in support of its position that removal is proper.

## XI.   CONCLUSION

WHEREFORE, JELD-WEN hereby removes this matter from the Circuit Court of Miami-Dade County, Florida, to the United States District Court for the District of South Florida, Miami Division, based on 28 U.S.C. §§ 1332(d)(2), 1446, 1453.

0562830

L. Robert Bourgeois
Fowler, White, Boggs, Banker
501 East Kennedy Boulevard, Suite 1700
P. O. Box 1438
Tampa, FL 33601
Telephone: 813-228-7411/813-222-1150
Fax: 813-229-8313
bbourgeois@fowlerwhite.com

ATTORNEY FOR DEFENDANT JELD-WEN, inc.



**EXHIBIT**

A

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

**CLASS REPRESENTATION**

CASE NO.   07 - 2 5 6 4 0 CA 2 5

FLORIDA BAR NO.: 775525

SUZANNE JONES,

      Plaintiff,

vs.

NEBULA GLASS INTERNATIONAL, INC.,
d/b/a GLASSLAM and N.G.I., INC.,
JELD WEN, INC., and CARDINAL IG COMPANY, and

      Defendants.
_____/

THE ORIGINAL FILED

ON AUG 1 4 2007

IN THE OFFICE OF
CIRCUIT COURT DADE CO F
CIVIL DIVISION

**PLAINTIFF'S NOTICE OF SERVICE OF
INTERROGATORIES TO DEFENDANT JELD-WEN, INC.**

    Plaintiff, through counsel, propounds the attached Interrogatories to Defendant, Jeld-Wen,

Inc., that same be answered separately and fully in writing under oath, within the time and manner

prescribed by the Florida Rules of Civil Procedure.

**CERTIFICATE OF SERVICE**

    WE HEREBY CERTIFY that a true and correct copy of the foregoing Notice of
Interrogatories was served with the Summons and Complaint.

                  FREIDIN & DOBRINSKY, P.A.
                  One Biscayne Tower, Suite 3100
                  2 South Biscayne Boulevard
                  Miami, Florida 33131
                  Telephone: (305) 371-3666

                  BY:_____
                    MANUEL L. DOBRINSKY
                    Florida Bar No.: 775525

## INTERROGATORIES TO JELD-WEN, INC.

1.  State the full name and address of any and all persons preparing or assisting in the preparation of these answers to interrogatories.

2.  State the full name and address of all insurance companies with whom you carried any form of liability insurance that would provide coverage for the allegations contained in the Complaint. Include any and all companies carrying excess insurance policies.

3.  For each of the above companies in No. 2, state the following:

    a. The amount of coverage applicable to each.

    b. The name of the insured.

    c. Whether you have notified said company of the within claim.

4.  State the full name and address of any and all persons known or believed to be known by you, your agents, employees or your attorneys having any knowledge of the defective resin supplied by Glasslam.

5.   State the names and addresses of all persons or entities, in Florida, to whom you sold glass windows and/or doors with resin supplied by Glasslam between 1995 to the present.

6.   Please provide the names of all persons or entities, within the State of Florida to whom you have provided replacement windows or doors due to the fact that the windows or doors were defective due to faulty resin provided by Glasslam.

7.   Provide the names and addresses of all witnesses disclosed by any party in the case captioned *Jeld-wen, Inc., v. Nebula Glass International, Inc. d/b/a "Glasslam"* et. al, Case No. 05-60860 CIV-COHN.  As to each witness please provide the nature of their testimony and also indicate which witnesses were designated as "expert witnesses."

8.   Do you allege that any other entity is responsible for the defective glass used in your windows and glass doors.  If so, Please identify the entity and the specific reasons as to why you believe that entity was responsible for the manufacture of the defective windows and glass doors.

9.   Identify when and how did Jeld-Wen learned that the Glass Products (i.e. defective Reichhold resin) Glasslam) were defective.  When Jeld-Wen learned about the defective products, did Jeld-Wen immediately notify its customers of the defect and what method was used to notify its customers?

FREIDIN & DOBRINSKY, P.A., One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone:305.371.3666, Fax:305.371.6725

10.   Identify all Jeld-Wen's employees and/or representatives that had any contact and/or communication with Glasslam's employees and/or representatives and describe in detail not only the complaints or communication regarding the Glass Products (i.e. defective Reichhold resin), but also any responses or attempts by Glasslam's employees and/or representatives to manage Jeld-Wen's complaints relating to the Glass Products.

11.   Identify and describe in detail all complaints received by Jeld-Wen from its customers regarding any "hurricane proof" windows and glass doors manufactured with defective Reichhold resin, including, but not limited to:

      a.    the name and address of the person or entity making the complaint;

      b.    the date the complaint(s) were made;

      c.    the substance of the complaint; and,

      d.    the resolution of the complaint (i.e. credit, refund of purchase price, replacement).

12.   Describe all corrective action, financial or otherwise, undertaken by you upon learning that "hurricane proof" windows and glass doors sold by Jeld-Wen) were defective, including but not limited to:

      a.    the name and address of the person or entity to whom the corrective action was taken;

      b.    date of the corrective action;

      c.    what type of corrective action was undertaken (i.e. credit, refund or purchase price, replacement); and,

      d.    why corrective action was taken (i.e. discoloration and delamination).

13.   Describe in detail any investigation undertaken by Jeld-Wen into the cause or causes of the defective "hurricane proof" windows and glass doors manufactured with the defective Reichhold resin and all results obtained from your investigation.

14. List and itemize all sales of "hurricane proof" windows and glass doors containing "Resin 38," "Resin 29" and "Resin 45" between Jeld-Wen and its customers located in the state of Florida including the date of the sale, and total sales price.

15. List and itemize all purchases of "Resin 38," "Resin 29" and "Resin 45" by Jeld-Wen from Glasslam and any other company selling such resin including the date of the purchase, type of resin purchased, amount of resin purchased, batch numbers or the resin sold, and total purchase price.

16. Identify all complaints, whether written or verbal, received by Jeld-Wen concerning "hurricane proof" windows and glass doors manufactured with "Resin 38," "Resin 29" and "Resin 45," including:

    a.    The date the complaint(s) was made;

    b.    the person or entity making the complaint to Jeld-Wen;

    c.    the person receiving the complaint on behalf of Jeld-Wen;

    d.    the address of the building where the glass being complained of is/was located;

    e.    the remedy (whether repair, replacement, refund or otherwise) Jeld-Wen provided to the complaining party;

    f.    the final disposition of the complaint; and

    g.    the current location of the glass about which the complaint was made.

17. List all customers of Jeld-Wen who purchased "hurricane proof" windows and glass doors manufactured with defective resin.

18. List which customers had their defective "hurricane proof" windows and glass doors replaced or were refunded for the defective products sold by Jeld-Wen. Were customers required to pay any amount to replace the windows and glass doors? If so, please list and itemize which customers had to pay and how much they had to pay to replace their defective windows.

19. List which customers did not have their defective "hurricane proof" windows and glass doors replaced or were not refunded for the defective products sold to them by Jeld-Wen.

_____

Print Name

STATE OF _____

COUNTY OF _____


BEFORE ME, the undersigned authority, personally appeared _____, who

after being first duly sworn, deposes and states that he/she has answered the foregoing Interrogatories

to the best of his/her knowledge, information and belief.

SWORN TO AND SUBSCRIBED before me this ___ day of _____, 2007, by ___

_____, who is personally known to me or has produced_____ as

identification.


_____
NOTARY PUBLIC, State of Florida
at Large


_____
Printed or Typed Name
of Notary Public


My commission expires:

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CLASS REPRESENTATION

CASE NO.     07 - 2 5 6 4 0 CA 2 5

FLORIDA BAR NO.: 775525

SUZANNE JONES,

        Plaintiff,

vs.

NEBULA GLASS INTERNATIONAL, INC.,
d/b/a GLASSLAM and N.G.I., INC.,
JELD-WEN, INC., and CARDINAL IG COMPANY,

        Defendants.

_____/

THE ORIGINAL FILED
ON  AUG 14 2007
IN THE OFFICE OF
CIRCUIT COURT DADE CO F
CIVIL DIVISION

## REQUESTS FOR ADMISSIONS TO JELD-WEN

Plaintiff, Suzanne Jones,  pursuant to Rule 1.370 of the Florida Rules of Civil Procedure,

requests Defendant, Jeld-Wen, Inc., within thirty (30) days after service of this request, to admit or

deny the following:

1. Jeld-Wen manufactured laminated glass with resin supplied by Glasslam.

2. Jeld-Wen sold windows to the public with laminated glass manufactured with resin supplied

   by Glasslam.

3. Jeld-Wen sold glass doors to the public with laminated glass manufactured with resin

   supplied by Glasslam.

4. Jeld-Wen sold windows to Plaintiff with laminated glass manufactured with resin supplied

by Glasslam.

5. Jeld-Wen sold glass doors to Plaintiff with laminated glass manufactured with resin supplied by Glasslam.

6. The resin supplied by Glasslam to Jeld-Wen was defective.

7. The resin supplied by Glasslam to Jeld-Wen was not suitable for use in laminated glass.

8. Jeld-Wen has had to replace customers' windows and glass doors manufactured with resin supplied by Glasslam.

9. Jeld-Wen customers have incurred installation charges for the replacement windows and glass doors.

10. Jeld-Wen has refused to pay the installation charges for the replacement windows and glass doors incurred by its customers.

11. Jeld-Wen offered to replace the windows it sold to Plaintiff.

12. Jeld-Wen will replace the windows it sold to Plaintiff but has required that Plaintiff pay for the installation charges for such windows.

13. Jeld-Wen offered to replace the glass doors it sold to Plaintiff.

14. Jeld-Wen will replace the glass doors it sold to Plaintiff but has required that Plaintiff pay for the installation charges for such glass doors.

15. The number of persons in Florida to whom Jeld-Wen has sold windows with defective resin supplied by Glasslam is greater than 100.

16. The number of persons in Florida to whom Jeld-Wen has sold glass doors with defective resin supplied by Glasslam is greater than 100.

17. The number of business or entities in Florida to whom Jeld-Wen has sold windows with defective resin supplied by Glasslam is greater than 100.

18. The number of businesses or entities in Florida to whom Jeld-Wen has sold glass doors with defective resin supplied by Glasslam is greater than 100.

19. The number of persons in Florida to whom Jeld-Wen has sold windows with defective resin supplied by Glasslam is greater than 500.

20. The number of persons in Florida to whom Jeld-Wen has sold glass doors with defective resin supplied by Glasslam is greater than 500.

21. The number of business or entities in Florida to whom Jeld-Wen has sold windows with defective resin supplied by Glasslam is greater than 500.

22. The number of businesses or entities in Florida to whom Jeld-Wen has sold glass doors with defective resin supplied by Glasslam is greater than 500.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing Requests for Admissions was served with the Summons and Complaint.

> FREIDIN & DOBRINSKY, P.A.
> One Biscayne Tower, Suite 3100
> 2 South Biscayne Boulevard
> Miami, Florida 33131
> Telephone: (305) 371-3666
>
> BY:_____
> MANUEL L. DOBRINSKY
> Florida Bar No.: 775525

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CLASS REPRESENTATION

CASE NO.    **07 - 25640 CA 25**

SUZANNE JONES,                                    FLORIDA BAR NO.: 775525

          Plaintiff,

vs.

NEBULA GLASS INTERNATIONAL, INC.,
d/b/a GLASSLAM and N.G.I., INC.,                 THE ORIGINAL FILED
JELD-WEN, INC., and CARDINAL IG COMPANY,
                                                  ON  AUG 1 4 2007

          Defendants.                             IN THE OFFICE OF
                                                  CIRCUIT COURT DADE CO. &
_____/        CIVIL DIVISION

### PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT
### JELD-WEN, INC.

Pursuant to Florida Rule of Civil Procedure 1.350, Plaintiff requests that the Defendant,

Jeld-Wen, produce, within the time period prescribed by Rules, the following:

1.    A copy of each and every insurance policy which protects you against the risk of this

      lawsuit. This request applies to both "primary" and "excess" insurance policies.

2.    All documents produced by any party in the case captioned *Jeld-wen, Inc., v. Nebula*

      *Glass International, Inc. d/b/a "Glasslam"* et. al, Case No. 05-60860 CIV-COHN.

3.    All correspondence between Jeld-Wen, Inc. and Plaintiff Suzanne Jones.

4.    All documents including emails, memoranda, invoices regarding the inspection and repair

      estimates for the defective windows and doors of the Plaintiff Suzanne Jones.

5.    All correspondence between Jeld-Wen and any other entity, including but not limited to

      Glasslam, regarding the resin purchased from Glasslam that Jeld-Wen alleges is

defective.

6. All documents and communications regarding any of Jeld-Wen's customers' complaints relating to Jeld-Wen's "hurricane proof" windows and glass doors manufactured with the defective Reichhold resin purchased from Glasslam or any other company selling Reichhold's defective resin.

7. All documents relating to any corrective action, financial or otherwise, taken by Jeld-Wen upon learning that the "hurricane proof" windows and glass doors (manufactured with resin supplied by Glasslam) Jeld-Wen was selling were defective.

8. All documents and communication between Jeld-Wen and its Florida customers relating to the suitability of Jeld-Wen's "hurricane proof" windows and glass doors in hurricane-prone regions before and after the defective resin was discovered by Jeld-Wen.

9. Any promotional materials for your "hurricane proof" windows and glass doors used or distributed relating to Jeld-Wen's products' suitability for use in hurricane-prone areas.

10. All documents relating to the cause of the defective "hurricane proof" windows and glass doors that Jeld-Wen sold to its Florida customers.

11. All contracts between Jeld-Wen and Plaintiff Suzanne Jones.

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served with the Summons and Complaint.

FREIDIN & DOBRINSKY, P.A.
Counsel for Plaintiffs
One Biscayne Tower/Suite 3100
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 371-3666

BY: _____
MANUEL L. DOBRINSKY
Florida Bar #775525

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CLASS REPRESENTATION

CASE NO. 07-25640CA25

**EXHIBIT B**

SUZANNE JONES,

        Plaintiff,

    vs.

NEBULA GLASS INTERNATIONAL,
INC., d/b/a GLASSLAM and N.G.I.,
INC., JELD-WEN, INC., and
CARDINAL IG COMPANY,

        Defendants.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

    Pursuant to 28 U.S.C. § 1446(d), Defendant, JELD-WEN, inc., hereby gives notice of the filing of the attached Notice of and Petition for Removal.

    DATED this 5th day of September, 2007.

                Respectfully submitted,

                **FOWLER, WHITE, BOGGS, BANKER, P.A.**

                056 2830

                L. Robert Bourgeois, Esq.
                Florida Bar No: 0781540
                FOWLER WHITE BOGGS BANKER P.A.
                501 East Kennedy Boulevard
                Suite 1700
                Tampa, FL 33602
                Tel: (813) 228-7411
                Fax: (813) 229-8313
                Email: bbourgeois@fowlerwhite.com

                Attorneys For Defendant JELD-WEN, inc.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Interrogatories was served with the Summons and Complaint to **Manuel L. Dobrinsky, Esquire**, Freidin & Dobrinsky, P.A., One Biscayne Tower, Suite 3100, 2 South Biscayne Boulevard, Miami, Florida 33131, *Attorney for Plaintiff* on the 5th of September, 2007.

L. Robert Bourgeois, Esq.
Florida Bar No: 0781540
FOWLER WHITE BOGGS BANKER P.A.
501 East Kennedy Boulevard
Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Email: bbourgeois@fowlerwhite.com

Attorneys For Defendant JELD-WEN, inc.



## AFFIDAVIT OF ANDREW RINK

I, Andrew Rink, after first being duly sworn, deposes and says as follows:

1. The statements in this Affidavit are based upon my personal knowledge, unless otherwise stated. I am competent to testify to the details related in this affidavit.

2. I am employed by JELD-WEN, inc. as Corporate Counsel at the Company's office in Klamath Falls, Oregon.

3. I have reviewed a copy of the Complaint filed as a class action lawsuit by Suzanne Jones, individually and as a class representative, in the Circuit Court for Miami-Dade County, Florida, Case No. 07-25640CA25, alleging claims for breach of implied warranties and breach of contract against Defendants JELD-WEN, Nebula Glass International, d/b/a Glasslam, and Cardinal.

4. The Complaint requests an unspecified sum in actual damages "for restitution together with pre judgment interest and costs" (Complaint at Prayer) for each affected class member, based on allegations that the class members "purchased 'hurricane proof' windows and glass doors from Defendant [JELD-WEN], which were manufactured with resin supplied by Defendant Glasslam and/or laminated glass products supplied by Cardinal." (Complaint at ¶ 4).

5. The resin supplied by Glasslam was sold to Glasslam by non-party Reichhold, Inc. In previous litigation brought by Defendant Glasslam against Reichhold, a jury found that this resin was defective (the Reichhold resin). *Nebula Glass Internat'l, Inc. v. Reichhold, Inc.,* 454 F.3d 1203 (11th Cir. 2006) (discussing facts related to defective Reichhold resin).



6. Based on records received by and maintained by JELD-WEN, from approximately 1997 through early 2002, JELD-WEN used the defective Reichhold resin supplied by Glasslam and/or glass products containing the defective Reichhold resin supplied by Cardinal to manufacture approximately 29,000 laminated glass units.

7. Based on records received by and maintained by JELD-WEN, these approximately 29,000 laminated glass units are located in approximately 400 homes and/or businesses. When the number of homes is adjusted to account for the homes already subject to litigation between JELD-WEN and Glasslam, the putative class contains a minimum of 400 persons, more than the required 100 members.

8. Based on the number of putative class members, and the relief sought by each of them, I can confirm that the recovery sought by plaintiff in the putative class action exceeds $5,000,000 (five million dollars). JELD-WEN has estimated that the average cost of replacing one laminated glass unit to be approximately $1000 per unit, resulting in an approximate total estimated cost of $29,000,000 (twenty-nine million dollars), more than the statutory limit.

FURTHER AFFIANT SAYETH NOT

September 4, 2007.

Andrew Rink

SWORN to and subscribed before me
this 4th day of September, 2007

_____ (L.S.)
Notary Public for Colorado

My Commission Expires: 7/31/09

2

**CT CORPORATION**
A Wolters Kluwer Company

**Service of Process Transmittal**
08/20/2007
Log Number 512513204

RECEIVED

AUG 22 2007

JELD-WEN
LEGAL DEPARTMENT

TO:  Samuel Porter, Corporate Counsel
JELD-WEN, Inc.
401 Harbor Isles Blvd.
Klamath Falls, OR, 97601-

RE:  **Process Served in Florida**

FOR:  JELD-WEN, Inc. (Domestic State: OR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THIS ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Suzanne Jones, Pltf. vs. Nebula Glass International, Inc., etc., et al. including Jeld-Wen, Inc., Dfts, |
| DOCUMENT(S) SERVED: | Summons, Complaint, Notice(s), Interrogatories (2 sets), Request(s) for Production/Admissions |
| COURT/AGENCY: | Miami-Dade County Circuit Court, FL Case # 07-25840-CA-25 |
| NATURE OF ACTION: | Product Liability Litigation - Manufacturing Defect - Class Action - Supplying defective hurricane-resistant windows - Failure to perform as represented by Defendant and were not suitable for use in residential or commercial properties |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Plantation, FL |
| DATE AND HOUR OF SERVICE: | By Process Server on 08/20/2007 at 09:53 |
| APPEARANCE OR ANSWER DUE: | Within 20 days after service, exclusive of the day of service - Written Defenses // Within 30 days - Admissions |
| ATTORNEY(S) / SENDER(S): | Manuel L. Dobrinsky Freidin Dobrinsky One Biscayne Tower, Suite 3100 2 South Biscayne Boulevard Miami, FL, 33131 305-371-3666 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 791369798996 |
| SIGNED: | C T Corporation System |
| PER: | Donna Moch |
| ADDRESS: | 1200 South Pine Island Road Plantation, FL, 33324 |
| TELEPHONE: | 954-473-5503 |

Page 1 of 1 / TB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

ALL-STATE LEGAL®

Ex A

13



IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

**CLASS REPRESENTATION**

CASE NO.

**07 - 2 5 6 4 0 CA 2 5**

SUZANNE JONES,

       Plaintiff,

vs.

NEBULA GLASS INTERNATIONAL, INC.,
d/b/a GLASSLAM and N.G.I., INC.,
JELD-WEN, INC., and CARDINAL IG COMPANY,

       Defendants.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint,
Interrogatories, Requests for Admissions, and Request for Production in this action on defendant:

**JELD-WEN, INC.**

By Serving:   CT Corporation System
              Registered Agent
              1200 S. Pine Island Road
              Fort Lauderdale, Florida 33324

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's
attorney, to wit:

              MANUEL L. DOBRINSKY, ESQUIRE
              Freidin • Dobrinsky
              2 South Biscayne Boulevard, Suite 3100
              Miami, Florida 33131
              (305) 371-3666

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CLASS REPRESENTATION

CASE NO.  07 - 2 5 6 4 0 CA 2 5

FLORIDA BAR NO.: 775525

SUZANNE JONES,

      Plaintiff,

vs.

NEBULA GLASS INTERNATIONAL, INC.,
d/b/a GLASSLAM and N.G.I., INC.,
JELD-WEN, INC., and CARDINAL IG COMPANY,

      Defendants.

_____/

THE ORIGINAL FILED
ON AUG 1 4 2007
IN THE OFFICE OF
CIRCUIT COURT DADE CO F
CIVIL DIVISION

## CLASS ACTION COMPLAINT FOR
## DAMAGES AND DEMAND FOR TRIAL BY JURY

1.   Plaintiff, Suzanne Jones, individually, and on behalf of all Florida residents and businesses

who are similarly situated, sues the Defendants, and alleges:

### JURISDICTION AND VENUE

2.   Plaintiff brings this action as a class action pursuant to Rules 1.220(a), 1.220(b)(1) and

1.220(b)(3) of the Florida Rules of Civil Procedure.

3.   This is an action for damages in excess of fifteen thousand ($15,000.00) dollars.

4.   Plaintiff is a resident of Miami-Dade County, Florida who purchased "hurricane proof"

windows and glass doors from Defendant Jeld-Wen, which were manufactured with resin

supplied by Defendant Glasslam and/or laminated glass products supplied by Cardinal.

5.   Defendant, Jeld-Wen, Inc. ("Jeld-Wen"), is an Oregon Corporation with its principal place of business in Klamath Falls, Oregon. Jeld-Wen is engaged in the business of manufacturing and selling glass products, including laminated glass for windows and glass doors, which it markets as being "hurricane proof." Jeld-Wen sells hurricane resistant windows and glass doors as well as other products throughout the State of Florida.

6.   Defendant, Nebula Glass International d/b/a Glasslam and N.G.I., Inc. (collectively referred to herein as "Glasslam"), is a Florida Corporation with its principal place of business in Pompano Beach, Florida. Defendant Glasslam develops glass-laminating resins that it sells to manufacturers of safety and hurricane-resistant glass for use in their manufacturing process.

7.   Defendant Cardinal IG Company ("Cardinal") is a Minnesota corporation with its principal place of business in Eden Prairie, Minnesota. Cardinal has sold products for use and incorporation within the State of Florida.

## NATURE OF THE CAUSE OF ACTION

8.   This action arises out of the actions by Jeld-Wen, Glasslam and Cardinal in supplying a product into the stream of commerce that was not fit for its intended purpose forcing Class members to expend tens of thousands of dollars to install replacement windows and glass doors. As a result of the Defendants' actions, the Plaintiff and the Class have suffered economic damages.

## GENERAL ALLEGATIONS

9.   Jeld-Wen marketed and sold hurricane-resistant windows and glass doors to Florida residents and businesses. The windows and glass doors were manufactured with resins developed and

2

supplied by Glasslam and/or laminated glass products supplied by Cardinal.

10.  From approximately 1997 through 2003 Jeld-Wen purchased laminated glass, resin, P.E.T. film and glass laminating tools and equipment from Glasslam.

11.  From approximately 1999 through 2002 Jeld-Wen purchased laminated glass products from Cardinal.

12.  Jeld-Wen, Glasslam and Cardinal knew or should have known that the windows and glass doors that were marketed as "hurricane-resistant" were not suitable for residential or commercial use and that the windows were subject to fail.

13.  Jeld-Wen has conceded  that the "hurricane-resistant" windows are not suitable for residential or commercial use and that they are subject to fail.  Jeld-Wen has offered to provide new windows and glass doors to some of its customers; however, the individual customers are being held responsible for charges associated with installing the replacement windows which exceed tens of thousands of dollars.

14.  Plaintiff and the Class are third party beneficiaries of any contract between Glasslam and/or Cardinal and Jeld-Wen for the supplying of resin and glass laminated products to manufacture the hurricane resistant windows and glass doors.

## CLASS ALLEGATIONS

15.  Pursuant to Florida Rule of Civil Procedure 1.220(b)(1) and 1.220(b)(3), this case is subject to class treatment because:

   a.  The number of potential Class members is so numerous that joinder of all members is impracticable;

   b.  There are questions of law and fact common to each member of the Class;

3

c.  The claims of Suzanne Jones are typical of the claims of the Class; and

d.  Suzanne Jones will adequately protect the interests of the Class;

16.  Suzanne Jones and the Class are adequately represented by counsel filing this Complaint. Counsel has adequate resonrces and is familiar with the key issues in this type of litigation.

17.  Suzanne Jones' claim in this lawsuit is typical of the claims of all class members in that her damages are those indicated by other members of the class and suffered by all similarly situated.

18.  Pursuant to Florida Rule of Civil Procedure 1.220, the general Class is identified as any person within the State of Florida that purchased defective "hurricane-resistant" windows and glass doors from Jeld-Wen that were manufactured with resin supplied by Glasslam and/or laminated glass products from Cardinal. Upon information and belief, there are thousands of Class members. Pursuant to Florida Rule of Civil Procedure 1.220, the general Class is divided into the following two subclasses:

a.  The first subclass ("Sub A") consists of those residents of the State of Florida who purchased defective hurricane-resistant windows for their residence or business, and were offered replacement windows and/or glass doors but are obligated to pay the labor and installation charges.

b.  The second subclass ("Sub B") consists of those residents of the State of Florida who purchased defective hurricane-resistant windows for their residence or business, but were not offered replacement windows and/or glass doors and now have to purchase replacements and pay for labor and installation charges.

4

19. The prosecution of separate actions by each member of the Class would create the risk of inconsistent or varying adjudications resulting in incompatible standards of conduct for Defendants.

20. The questions of law and fact common to the Class predominate over any questions affecting only individual members. An action by the Class is superior to other available methods for the fair and efficient adjudication of this controversy.

21. All further allegations as to the Class are inclusive of Sub A and Sub B unless otherwise alleged.

## COUNT I
## BREACH OF CONTRACT-GLASSLAM

22. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21.

23. Jeld-Wen and Glasslam entered into a contract for the sale of resin.

24. Plaintiff does not have a copy of this contract, but expects to obtain it through discovery.

25. Plaintiff and the Class are intended third party beneficiaries of the contract between Jeld-Wen and Glasslam.

26. The resin Glasslam sold to Jeld-Wen was defective as that resin failed to perform as represented by Glasslam and was not suitable for use in hurricane-resistant glass.

27. As a result of Glasslam's breach, Plaintiffs have suffered economic damages associated with the costs of replacing the defective windows and glass doors.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment for damages against Defendant, Glasslam, including damages for restitution together with pre-judgment interest and costs and demands trial by jury of all issues so triable.

5

## COUNT II
### BREACH OF CONTRACT–JELD WEN

28.   Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21.

29.   Plaintiff entered into a contract for the sale of hurricane-resistant windows with Jeld-Wen in or around 2001.  Each Class member entered into a similar contract for the sale of hurricane-resistant windows with Jeld-Wen.  Plaintiff does not have a copy of this contract, but expects to obtain it through discovery.

30.   Plaintiff discovered in 2006 that the windows and glass doors that Jeld-Wen sold Plaintiff were defective in so far as they failed to perform as represented by Jeld-Wen and were not suitable for use in residential or commercial properties.  The windows and glass doors sold by Jeld-Wen to each Class Member were likewise defective and unsuitable for use in residential or commercial properties.

31.   While Plaintiff and each Class Member performed all of their obligations under the parties' contracts, Jeld-Wen breached the contracts by supplying defective windows and glass doors to the Plaintiff and all Class members.

32.   As a result of Jeld-Wen's breach, Plaintiff and the Class have suffered economic damages related with the costs of replacing the defective windows and glass doors.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment for damages against Defendant, Jeld-Wen, including damages for restitution together with pre-judgment interest and costs and demands trial by jury of all issues so triable.

6

## COUNT III
### BREACH OF IMPLIED WARRANTY
### OF MERCHANTABILITY-GLASSLAM

33. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21.

34. Glasslam is a merchant that regularly engages in the manufacture and sale of resin for use in glass products.

35. There is an implied warranty that the resin Glasslam supplied pursuant to its contract with Jeld-Wen would be merchantable for use in commercial and residential laminated glass.

36. The resin supplied by Glasslam and used in the windows and glass doors purchased by Plaintiff and the Class was defective and not suitable to be incorporated into laminated glass and did not conform to the representations made to Plaintiff and the Class.

37. The defective condition of the resin constitutes a breach of the implied warranty that the windows sold to the Plaintiff and the Class were fit for use in hurricane resistant windows and glass doors installed in commercial and residential properties.

38. As a result of Glasslam's breach, Plaintiff and the Class have suffered economic damages related with the costs of replacing the defective windows and glass doors.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment for damages against Defendant, Glasslam, including damages for restitution together with pre-judgment interest and costs and demands trial by jury of all issues so triable.

## COUNT IV
### BREACH OF IMPLIED WARRANTY
### OF MERCHANTABILITY-JELD-WEN

39. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21.

40. Jeld-Wen is a merchant that regularly engages in the manufacture and sale of safety and

7

hurricane-resistant windows and glass doors.

41. There is an implied warranty that the hurricane-resistant windows and glass doors sold by Jeld-Wen to the Plaintiff and the Class would be merchantable for use in commercial and residential buildings.

42. The windows and glass doors sold by Jeld-Wen were defective and not suitable to be used as hurricane-resistant and did not conform to the representations made by Jeld-Wen to the Plaintiff and the Class.

43. As a result of Jeld-Wen's breach, Plaintiff and the Class have suffered economic damages related with the costs of replacing the defective windows and glass doors.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment for damages against Defendant, Jeld-Wen, including damages for restitution together with pre-judgment interest and costs and demands trial by jury of all issues so triable.

## COUNT V
### BREACH OF IMPLIED WARRANTY
### OF FITNESS FOR A PARTICULAR PURPOSE-GLASSLAM

44. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21.

45. On information and belief, Glasslam was aware that Jeld-Wen was purchasing its resin for the particular purpose of manufacturing and selling hurricane-resistant windows and glass doors for commercial and residential buildings.

46. The defective nature of the resin constitutes a breach of the implied warranty of fitness for a particular purpose.

47. As a result of Glasslam's breach, Plaintiff and the Class have suffered economic damages related with the costs of replacing the defective windows and glass doors.

8

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment for damages against Defendant, Glasslam, including damages for restitution together with pre-judgment interest and costs and demands trial by jury of all issues so triable.

## COUNT VI
## BREACH OF IMPLIED WARRANTY
## OF FITNESS FOR A PARTICULAR PURPOSE-JELD-WEN

48.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21.

49.    On information and belief, Jeld-Wen was aware that Plaintiff and the Class were purchasing its windows  for the particular purpose of installing hurricane-resistant windows and glass doors  in their  commercial and residential buildings.

50.    The defective nature of the windows and glass doors constitutes a breach of the implied warranty of fitness for a particular purpose.

51.    As a result of Jeld-Wen's breach, Plaintiff and the Class have suffered economic damages related with the costs of replacing the defective windows and glass doors.

52.    WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment for damages against Defendant, Jeld-Wen, including damages for restitution together with pre-judgment interest and costs and demands trial by jury of all issues so triable.

## COUNT VII
## BREACH OF CONTRACT-CARDINAL

53.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21.

54.    Jeld-Wen and Cardinal entered into a contract for the sale laminated glass products.

55.    Plaintiff does not have a copy of this contract, but expects to obtain it through discovery.

9

56. Plaintiff and the Class are intended third party beneficiaries of the contract between Jeld-Wen and Cardinal.

57. The laminated glass products Cardinal sold to Jeld-Wen was defective as they failed to perform as represented by Cardinal and was not suitable for use in hurricane-resistant glass.

58. As a result of Cardinal's breach, Plaintiff and the Class have suffered economic damages associated with the costs of replacing the defective windows and glass doors.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment for damages against Defendant, Cardinal, including damages for restitution together with pre-judgment interest and costs and demands trial by jury of all issues so triable.

## COUNT VIII
### BREACH OF IMPLIED WARRANTY
### OF MERCHANTABILITY-CARDINAL

59. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21.

60. Cardinal is a merchant that regularly engages in the manufacture and sale of laminated glass products.

61. There is an implied warranty that the laminated glass products Cardinal supplied pursuant to its contract with Jeld-Wen would be merchantable for use in commercial and residential hurricane resistant windows and glass doors.

62. The laminated glass products supplied by Cardinal and used in the windows and glass doors purchased by Plaintiff and the Class was defective and not suitable to be incorporated into hurricane resistant windows and glass doors and did not conform to the representations made to Plaintiff and the Class.

63. The defective condition of the laminated glass products constitutes a breach of the implied

10

warranty that the windows sold to the Plaintiff and the Class were fit for use in hurricane resistant windows and glass doors installed in commercial and residential properties.

64. As a result of Cardinal's breach, Plaintiff and the Class have suffered economic damages related with the costs of replacing the defective windows and glass doors.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment for damages against Defendant, Cardinal, including damages for restitution together with pre-judgment interest and costs and demands trial by jury of all issues so triable.

## COUNT IX
## BREACH OF IMPLIED WARRANTY
## OF FITNESS FOR A PARTICULAR PURPOSE-CARDINAL

65. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21.

66. On information and belief, Cardinal was aware that Jeld-Wen was purchasing its laminated glass products for the particular purpose of manufacturing and selling hurricane-resistant windows and glass doors for commercial and residential buildings.

67. The defective nature of the laminated glass products constitutes a breach of the implied warranty of fitness for a particular purpose.

68. As a result of Cardinal's breach, Plaintiff and the Class have suffered economic damages related with the costs of replacing the defective windows and glass doors.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment for damages against Defendant, Cardinal, including damages for restitution together with pre-judgment interest and costs and demands trial by jury of all issues so triable.

11

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trial by jury of all issues so triable as a matter of right.

Dated this 13th day of August, 2007.

FREIDIN • DOBRINSKY
Attorneys for Plaintiffs
One Biscayne Tower, Suite 3100
2 South Biscayne Boulevard
Miami, FL 33131

By: _____

MANUEL L. DOBRINSKY
Florida Bar No.: 775525

12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CLASS REPRESENTATION

CASE NO.   **07 - 2 5 6 4 0 CA 2 5**

FLORIDA BAR NO.: 775525

SUZANNE JONES,

      Plaintiff,

vs.

NEBULA GLASS INTERNATIONAL, INC.,
d/b/a GLASSLAM and N.G.I., INC.,
JELD-WEN, INC., and CARDINAL IG COMPANY, and

      Defendants.

_____/

THE ORIGINAL FILED

ON   AUG 1 4 2007

IN THE OFFICE OF
CIRCUIT COURT DADE CO F
CIVIL DIVISION

## PLAINTIFF'S NOTICE OF SERVICE OF
## INTERROGATORIES TO DEFENDANT JELD-WEN, INC.

Plaintiff, through counsel, propounds the attached Interrogatories to Defendant, Jeld-Wen,

Inc., that same be answered separately and fully in writing under oath, within the time and manner

prescribed by the Florida Rules of Civil Procedure.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing Notice of
Interrogatories was served with the Summons and Complaint.

FREIDIN & DOBRINSKY, P.A.
One Biscayne Tower, Suite 3100
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 371-3666

BY: _____
MANUEL L. DOBRINSKY
Florida Bar No.: 775525

## INTERROGATORIES TO JELD-WEN, INC.

1. State the full name and address of any and all persons preparing or assisting in the preparation of these answers to interrogatories.

2. State the full name and address of all insurance companies with whom you carried any form of liability insurance that would provide coverage for the allegations contained in the Complaint. Include any and all companies carrying excess insurance policies.

3. For each of the above companies in No. 2, state the following:

   a. The amount of coverage applicable to each.

   b. The name of the insured.

   c. Whether you have notified said company of the within claim.

4. State the full name and address of any and all persons known or believed to be known by you, your agents, employees or your attorneys having any knowledge of the defective resin supplied by Glasslam.

5.   State the names and addresses of all persons or entities, in Florida, to whom you sold glass windows and/or doors with resin supplied by Glasslam between 1995 to the present.

6.   Please provide the names of all persons or entities, within the State of Florida to whom you have provided replacement windows or doors due to the fact that the windows or doors were defective due to faulty resin provided by Glasslam.

7.   Provide the names and addresses of all witnesses disclosed by any party in the case captioned *Jeld-wen, Inc., v. Nebula Glass International, Inc. d/b/a "Glasslam"* et. al, Case No. 05-60860 CIV-COHN. As to each witness please provide the nature of their testimony and also indicate which witnesses were designated as "expert witnesses."

8.   Do you allege that any other entity is responsible for the defective glass used in your windows and glass doors. If so, Please identify the entity and the specific reasons as to why you believe that entity was responsible for the manufacture of the defective windows and glass doors.

9.   Identify when and how did Jeld-Wen learned that the Glass Products (i.e. defective Reichhold resin) Glasslam) were defective. When Jeld-Wen learned about the defective products, did Jeld-Wen immediately notify its customers of the defect and what method was used to notify its customers?

FREIDIN & DOBRINSKY, P.A., One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, Fax: 305.371.6725

10. Identify all Jeld-Wen's employees and/or representatives that had any contact and/or communication with Glasslam's employees and/or representatives and describe in detail not only the complaints or communication regarding the Glass Products (i.e. defective Reichhold resin), but also any responses or attempts by Glasslam's employees and/or representatives to manage Jeld-Wen's complaints relating to the Glass Products.

11. Identify and describe in detail all complaints received by Jeld-Wen from its customers regarding any "hurricane proof" windows and glass doors manufactured with defective Reichhold resin, including, but not limited to:

    a.   the name and address of the person or entity making the complaint;

    b.   the date the complaint(s) were made;

    c.   the substance of the complaint; and,

    d.   the resolution of the complaint (i.e. credit, refund of purchase price, replacement).

12. Describe all corrective action, financial or otherwise, undertaken by you upon learning that "hurricane proof" windows and glass doors sold by Jeld-Wen were defective, including but not limited to:

    a.   the name and address of the person or entity to whom the corrective action was taken;

    b.   date of the corrective action;

    c.   what type of corrective action was undertaken (i.e. credit, refund or purchase price, replacement); and,

    d.   why corrective action was taken (i.e. discoloration and delamination).

13. Describe in detail any investigation undertaken by Jeld Wen into the cause or causes of the defective "hurricane proof" windows and glass doors manufactured with the defective Reichhold resin and all results obtained from your investigation.

14. List and itemize all sales of "hurricane proof" windows and glass doors containing "Resin 38," "Resin 29" and "Resin 45" between Jeld-Wen and its customers located in the state of Florida including the date of the sale, and total sales price.

15. List and itemize all purchases of "Resin 38," "Resin 29" and "Resin 45" by Jeld-Wen from Glasslam and any other company selling such resin including the date of the purchase, type of resin purchased, amount of resin purchased, batch numbers or the resin sold, and total purchase price.

16. Identify all complaints, whether written or verbal, received by Jeld-Wen concerning "hurricane proof" windows and glass doors manufactured with "Resin 38," "Resin 29" and "Resin 45," including:

    a.    The date the complaint(s) was made;

    b.    the person or entity making the complaint to Jeld-Wen;

    c.    the person receiving the complaint on behalf of Jeld-Wen;

    d.    the address of the building where the glass being complained of is/was located;

    e.    the remedy (whether repair, replacement, refund or otherwise) Jeld-Wen provided to the complaining party;

    f.    the final disposition of the complaint; and

    g.    the current location of the glass about which the complaint was made.

17. List all customers of Jeld-Wen who purchased "hurricane proof" windows and glass doors manufactured with defective resin.

18. List which customers had their defective "hurricane proof" windows and glass doors replaced or were refunded for the defective products sold by Jeld-Wen. Were customers required to pay any amount to replace the windows and glass doors? If so, please list and itemize which customers had to pay and how much they had to pay to replace their defective windows.

19. List which customers did not have their defective "hurricane proof" windows and glass doors replaced or were not refunded for the defective products sold to them by Jeld-Wen.

_____

_____

**Print Name**

STATE OF _____

COUNTY OF _____

      BEFORE ME, the undersigned authority, personally appeared _____ who

after being first duly sworn, deposes and states that he/she has answered the foregoing Interrogatories

to the best of his/her knowledge, information and belief.

      SWORN TO AND SUBSCRIBED before me this ___ day of _____, 2007, by ___

_____, who is personally known to me or has produced_____ as

identification.

_____

NOTARY PUBLIC, State of Florida
at Large

_____

Printed or Typed Name
of Notary Public

My commission expires:

FREIDIN & DOBRINSKY, P.A., One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, Fl 33131, Phone: 305.371.3666, Fax: 305.371.6725

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CLASS REPRESENTATION

CASE NO. 07-25640CA25

SUZANNE JONES,

           Plaintiff,

vs.

NEBULA GLASS INTERNATIONAL,
INC., d/b/a GLASSLAM and N.G.I.,
INC., JELD-WEN, INC., and
CARDINAL IG COMPANY,

           Defendants.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), Defendant, JELD-WEN, inc., hereby gives notice of the filing of the attached Notice of and Petition for Removal.

DATED this 5th day of September, 2007.

Respectfully submitted,

**FOWLER, WHITE, BOGGS, BANKER, P.A.**

_____
L. Robert Bourgeois, Esq.
Florida Bar No: 0781540
FOWLER WHITE BOGGS BANKER P.A.
501 East Kennedy Boulevard
Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Email: bbourgeois@fowlerwhite.com

Attorneys For Defendant JELD-WEN, inc.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Interrogatories was served with the Summons and Complaint to **Manuel L. Dobrinsky, Esquire**, Freidin & Dobrinsky, P.A., One Biscayne Tower, Suite 3100, 2 South Biscayne Boulevard, Miami, Florida 33131, *Attorney for Plaintiff* on the 5th of September, 2007.

L. Robert Bourgeois, Esq.
Florida Bar No: 0781540
FOWLER WHITE BOGGS BANKER P.A.
501 East Kennedy Boulevard
Suite 1700
Tampa, FL  33602
Tel:  (813) 228-7411
Fax:  (813) 229-8313
Email:  bbourgeois@fowlerwhite.com

Attorneys For Defendant JELD-WEN, inc.

§JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS
SUZANNE JONES

**(b)** County of Residence of First Listed Plaintiff  Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Manuel L. Dobrinsky, Freidin Dobrinsky, 2 South Biscayne Blvd., Suite 3100, Miami, FL 33131, (305) 371-3666

## DEFENDANTS
Nebula Glass International, Inc., d/b/a GLASSLAM, NGI, Inc., JELD-WEN, inc., and Cardinal IG Company

07-22328
CIV-MOORE

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

MAGISTRATE JUDGE
GARBER

Attorneys (If Known)
L. Robert Bourgeois, Fowler, White, Boggs, Banker, 501 East Kennedy Blvd., Suite 1700, Tampa, FL 33601, (813) 228-7411

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

DADE -07-22328-CV-MooreStarber

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only) | |
|---|---|---|

| | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☑ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☑ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☑ YES ☐ NO
JUDGE WILLIAM D. DIMITROULEAS   DOCKET NUMBER 05-CV-60860

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Class Action Fairness Act, 28 U.S.C. Section 1332, 1446 and 1453.  This case is being removed to this Court on the based of the Class Action Fairness Act.
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   Mark D Pell

DATE

05 2830

FOR OFFICE USE ONLY
AMOUNT  350.00  RECEIPT # 965976

09/05/07