UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 07-22328-CIV-DIMITROULEAS/ROSENBAUM

SUZANNE JONES, LES and LAUREN ROSEN and
DEAN and LISA SACERDOTE,

    Plaintiffs,

vs.

JELD-WEN, INC.,

    Defendant.
_____/

JELD-WEN, INC., individually and as assignee
of the claims of Cardinal IG Company,

Third-Party Plaintiff,

vs.

NEBULA GLASS INTERNATIONAL, INC.,
d/b/a GLASSLAM and N.G.I., INC., and
REICHHOLD, INC.

Third-Party Defendants
_____/

## ORDER GRANTING THIRD-PARTY DEFENDANT REICHHOLD'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Third-Party Defendant Reichhold's Motion to Dismiss Jeld-Wen's Third-Party Complaint [DE-110]. The Court has carefully considered the Motion, Jeld-Wen's Response [DE-120], Reichhold's Reply [DE-134], and is otherwise fully advised in the premises.

# I. BACKGROUND

## A. Factual History

The instant action stems from a lengthy path of litigation revolving around glass products and resin. The Court will provide the extensive history in order to provide proper context for its ruling on the Motion to Dismiss.

Plaintiffs are Florida residents who purchased "hurricane proof" impact-resistant windows and glass doors from Defendant Jeld-Wen. Defendant Jeld-Wen Inc. ("Jeld-Wen") is an Oregon corporation that is in the business of manufacturing and selling glass products, including laminated glass. From 1997 to 2003, Jeld-Wen's Pozzi and Caradco divisions manufactured wood windows and doors incorporating laminated, hurricane-resistant glass products, which were made using the "Safety-Plus" system developed and licensed by Third-Party Defendant Nebula Glass International, Inc. d/b/a Glasslam N.G.I., Inc. ("Glasslam").

Third-Party Defendant Glasslam is a Florida corporation that supplies licensee and non-licensee customers with raw materials and instructions to produce various laminated glass products. Laminated glass is generally made by sandwiching resin and a thin film between two pieces of glass. Glasslam licenses its patented process, called "Safety Plus I", for making impact-resistant laminated glass.

In 1996, Glasslam commenced a business relationship with Third-Party Defendant Reichhold, Inc. ("Reichhold"). Reichhold is a Delaware corporation, with manufacturing plants in Florida, that produces resin for various applications. During the course of their relationship, Reichhold supplied Glasslam with drums of resin through a distributor, Polygard. Glasslam used some of the resin but sold the remainder to its customers. Reichhold supplied Glasslam with

three different resins in the following order (though sales of all three resins overlapped): (1) Resin 32038; (2) Resin 32029; and (3) Resin 32038-45.  Glasslam discovered in October 2001 that Reichhold had been making its resin without Tinuvin 328, an ultra-violet light absorber Glasslam had required.  The parties' business relationship terminated in approximately December 2001, and no other resin was sold by Reichhold to Glasslam after that time.  Glasslam continued to sell Reichhold resin to its customers through February 2002, though it added Tinuvin to all Reichhold resin sold to third parties.

One of the customers to whom Glasslam sold Reichhold resin was Defendant Jeld-Wen.  In June 1997, Glasslam and Jeld-Wen had entered into an agreement wherein Glasslam licensed its Safety-Plus system to Jeld-Wen and agreed to sell Safety-Plus products for the manufacturing of laminated impact-resistant glass at Jeld-Wen's Pozzi facility.  In August 1998, Cardinal IG Company ("Cardinal"), a Minnesota corporation, also entered into a contract with Glasslam for the licensing rights to make, use, and sell the resin and Safety-Plus products.  Jeld-Wen and Cardinal then purchased resins from Glasslam under the terms of their Agreements.  Jeld-Wen incorporated the resins in the manufacture of impact-resistant glass for use in hurricane-prone regions.  Cardinal manufactured, and sold to Jeld-Wen, Safety Plus glass containing the resin.  When prepared properly, the impact resistant glass was meant to perform for at least ten years.  However, Jeld-Wen began receiving complaints from customers as to failures in the laminated glass–the glass was delaminating and discoloring.  Glasslam has since admitted that the resin is defective, due to the absence of Tinuvin and because the resin was "undercooked."

**B. Procedural History**

    ***1. Glasslam I***

On April 5, 2002, Glasslam filed a Complaint against Reichhold in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, which Reichhold removed to federal court on May 22, 2002. Nebula Glass Int'l, Inc. v. Reichhold, Inc., 02-60703-CIV-DIMITROULEAS (S.D. Fla. filed May 22, 2002) (hereinafter "Glasslam I"). On May 23, 2002, Glasslam filed an Amended Complaint in Glasslam I asserting claims for: (I) Breach of Contract; (II) Breach of Express Warranty; (III) Breach of Implied Warranty; (IV) Breach of Implied Warranty of Fitness for a Particular Purpose; and (V) Fraud. Primarily, Glasslam's Amended Complaint alleged that Glasslam required Reichhold to insert an ultraviolet light blocker called "Tinuvin 328" in the resin supplied by Reichhold. Glasslam contended that the absence, or incorrect percentage, of Tinuvin causes various problems including the decreased efficiency of hurricane resistant laminated glass. Glasslam contended that as a proximate result of Reichhold not supplying resin in accordance with Glasslam's specifications, Glasslam suffered known damages to several projects, a loss of business, and potential exposure for faulty glass.

On December 3, 2002, this Court granted Reichhold's motion to dismiss Counts IV and V of the Amended Complaint in Glasslam I. The Court dismissed the fraud count based on Florida's economic loss rule and the implied warranty for a particular purpose count based on insufficient allegations of Glasslam's reliance on Reichhold's skill and judgment. See Glasslam I, 02-60703-CIV (S.D. Fla. Dec. 3, 2002) [DE-14]. A jury trial on Plaintiff's remaining claims for breach of contract, breach of express warranty, and breach of implied warranty was held before this Court in May 2004. The jury found in favor of Plaintiff on all three counts and

awarded damages for each of the three Reichhold resins at issue for out-of-pocket expenses, unpaid customers claims for future replacement of laminated glass, and lost profits. The Court entered final judgment for Plaintiff in the amount of $22,500,000.00. Reichhold appealed the final judgment on the issue of damages only. On June 30, 2006, the Eleventh Circuit Court of Appeals affirmed the judgment. See Nebula Glass Int'l Inc. v. Reichhold, Inc., 454 F.3d 1203 (11th Cir. 2006).

### 2. *Glasslam II*

Glasslam filed another Complaint against Reichhold on April 29, 2005, asserting claims for: (I) Breach of Contract; (II) Breach of Express Warranty; (III) Breach of Implied Warranty; (IV) Fraud; (V) Negligent Misrepresentation; and (VI) Fraud in the Inducement, alleging facts identical to those in Glasslam I. See Nebula Glass Int'l, Inc. v. Reichhold, Inc., Case No. 05-60704-CIV-DIMITROULEAS (S.D. Fla. filed Apr. 29, 2005) (hereinafter "Glasslam II"). In that case, Glasslam sought damages in addition to those awarded in Glasslam I for claims that were not yet ripe at the time that Glasslam I was filed. In Glasslam II, Glasslam argued that Reichhold was collaterally estopped from relitigating Counts I, II, and III based on the final judgment in Glasslam I. Reichhold argued that it was not estopped from litigating those counts based on changed factual circumstances. The Court agreed, in part, and held that the parties could not relitigate the breach elements of Glasslam's claims but could litigate causation and themes of bad installation and bad fabrication based on changed factual circumstances. See Glasslam II, Case No. 05-60704-CIV (S.D. Fla. Oct. 30, 2006) [DE-108]. Prior to trial in Glasslam II, the parties reached a settlement agreement in that action.

### 3. *Jeld-Wen I*

On May 26, 2005, Jeld-Wen filed a Complaint against Defendants Glasslam and Cardinal IG Company ("Cardinal"). Jeld-Wen filed its Third Amended Complaint on December 1, 2006. [DE-117], in which it asserted claims for: (I) Breach of Contract; (II) Breach of Express Warranty; (III) Breach of Implied Warranty of Merchantability; (IV) Breach of Implied Warranty of Fitness for a Particular Purpose; (V) Unjust Enrichment; (VI) Fraud; and (VII) Claim of Indemnity against Glasslam. See Jeld-Wen, Inc. v. Nebula Glass International, Inc., Case No. 05-60860-CIV-DIMITROULEAS (S.D. Fla. filed May 26, 2005) (hereinafter "Jeld-Wen I"). Jeld-Wen voluntarily dismissed Cardinal from the action on January 30, 2007. [DE-165].

On December 9, 2005, Glasslam filed a Third-Party Complaint in Jeld-Wen I against Third-Party Defendant Reichhold. In the Third-Party Complaint (Amended by Interlineation), Glasslam alleged claims for the following: (I) Breach of Contract; (II) Breach of Express Warranty; (III) Breach of Implied Warranty; (IV) Fraud; (V) Negligent Misrepresentation; (VI) Fraud in the Inducement; and (VII) Indemnity; and (VIII) Contribution[1]. In the Third-Party Complaint, Glasslam alleged facts almost identical to those alleged in Glasslam II.

In ruling on the parties' motions for partial summary judgment, this Court ruled that collateral estoppel precluded the re-litigation as to whether the resin was defective. Causation again remained an issue however, in terms of actual damages for the windows at issue. See Jeld-Wen I, Case No. 05-60860-CIV (S.D. Fla. May 15, 2007) [DE-305]. A trial was conducted in June 2007, however, this Court then granted Jeld-Wen's Motion for a New Trial pursuant to

---

[1] Glasslam's Third-Party Complaint contained two counts numbered "Count VI." The Court construed the duplicate Count VI, Glasslam's claim for Indemnity, to be Count VII of the Third-Party Complaint and Count VII, a claim for Contribution, to be Count VIII.

Federal Rule of Civil Procedure 60(b)(3). [DE-489; DE-508]. The case was consolidated with claims brought in the subsequent case, discussed below, but in June 2008, the parties reached a settlement and both cases have since been dismissed. [DE-529].

### 4. *Jeld-Wen II*

On September 5, 2007, Jeld-Wen brought an action seeking damages for the claims that were not adjudicated in Jeld-Wen I and for claims assigned by Cardinal. See Jeld-Wen, Inc. v. Nebula Glass International, Inc., et al., Case No. 07-22326-CIV-DIMITROULEAS (S.D. Fla. filed Sept. 5, 2007) (hereinafter "Jeld-Wen II"). In its Second Amended Complaint filed on January 28, 2008 [DE-112], Jeld-Wen brought claims against Glasslam for (I) Breach of Contract; (II) Breach of Implied Warranty of Merchantability; (III) Breach of Implied Warranty of Fitness for a Particular Purpose; (IV) Unjust Enrichment; (VIII) Constructive Trust; (IX) Equitable Lien; (XIII) Implied Contractual Indemnity; and (XIV) Breach of Covenant of Good Faith and Fair Dealing. Jeld-Wen also brought claims against Glasslam and Reichhold for (V) Innocent Misrepresentation; (VI) Negligent Misrepresentation and Non-Disclosure; (VII) Fraud; (X) Equitable Subrogation; (XI) Equitable Assignment; and (XII) Equitable Indemnity. In addition, Jeld-Wen brought claims against Stephen Howes, the President and owner of Glasslam, for: (XV) Alter Ego/Piercing the Corporate Veil and (XVI) Unjust Enrichment, as well as (XX) Restitution of Royalties against Glasslam and Howes. Finally, Jeld-Wen brought claims for (XVII) Declaratory Judgment as to the Invalidity of U.S. Patent No. 5,778,629; (XVIII) Declaratory Judgment as to the Invalidity of U.S. Patent No. 5,937,611; and (XIX) Declaratory

Judgment as to the Invalidity of U.S. Patent No. 6,101,783.[2]

Glasslam filed a cross-claim against Reichhold on March 7, 2008, bringing claims for breach of contract, breach of express warranty, breach of implied warranty, indemnification and contribution.

On May 1, 2008, this Court granted Reichhold's Motion to Dismiss in part. Case No. 07-22326-CIV (S.D. Fla. May 1, 2008) [DE-371].  Counts V (Innocent Misrepresentation); X (Equitable Subrogation); XI (Equitable Assignment); and XII (Equitable Indemnity) of Jeld-Wen's Second Amended Complaint were dismissed against Reichhold for failure to state a claim. Only Jeld-Wen's claims for negligent misrepresentation and fraud remain as to Defendant Reichhold.  As noted above, the parties reached a settlement in this action and the consolidated Jeld-Wen I action and the cases were dismissed. [DE-554].

### 5. *Jones v. Jeld-Wen*

Plaintiffs, customers of Jeld-Wen, filed the instant action on August 14, 2007 in the Circuit Court of Miami-Dade County, which Defendant Jeld-Wen removed on September 5, 2007. [DE-1].  Plaintiffs filed an Amended Class Action Complaint ("Complaint") on January 8, 2008. [DE-83].  In the Complaint, Plaintiffs indicate their homes contain Jeld-Wen impact resistant windows and glass doors, manufactured with resin supplied by Glasslam and glass products supplied by Cardinal.[3]  The named Plaintiffs are Suzanne Jones, a resident of Miami-

---

[2]Glasslam and Howes filed a Motion to Sever [DE-236], which was granted.  Calendar Call for a trial on Counts XV-XX is scheduled for August 22, 2008. [DE-443].

[3]The Complaint had also named Cardinal and Glasslam as Defendants, but they were voluntarily dismissed on November 9, 2007. [DE-57; DE-58].

Dade County, and Dean and Lisa Sacerdote, residents of Martin County.[4]

According to the Complaint, Jeld-Wen knew or should have known that the windows and glass doors were not suitable for residential or commercial use and that the windows were subject to fail due to defective resin and/or a uniform design defect.  The Complaint further alleges that Jeld-Wen, upon learning of the defect, should have disclosed this to its customers and fully compensated them for all damages arising from the defect.  The Complaint further indicates that though Jeld-Wen has offered to provide new windows and doors to some customers, it is holding customers responsible for the installation costs.  For example, the Sacerdote's windows were replaced by Jeld-Wen, but they had to pay the labor and installation charges.  The Complaint brings claims for (I) Breach of Implied Warranty of Merchantability; (II) Breach of Implied Warrranty of Fitness for a Particular Purpose; (III) Violation of Florida Deceptive and Unfair Trade Practices Act; and (IV) Unjust Enrichment.  This Court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

On January 18, 2008, Jeld-Wen, on its own behalf and on behalf of the rights assigned by Cardinal, filed a Third-Party Complaint against Glasslam and Reichhold.  Jeld-Wen brings claims for (I) Breach of Contract against Glasslam; (II) Breach of Implied Warranty of Merchantability against Glasslam; (III) Breach of Implied Warranty of Fitness for a Particular Purpose against Glasslam; (IV) Indemnity against Glasslam and (V) against Reichhold; (VI) Contribution against Glasslam and (VII) against Reichhold; (VIII) Equitable Indemnity against Glasslam and (IX) against Reichhold; and (X) Implied Contractual Indemnity against Glasslam.

---

[4] Les and Lauren Rosen filed a Notice of Voluntary Dismissal, dismissing their claims against Jeld-Wen on June 26, 2008. [DE-184].  Their claims were dismissed on June 27, 2008. [DE-186].

## II.  DISCUSSION

Reichhold brings the instant Motion, seeking to dismiss Jeld-Wen's claims for Common Law Indemnity, Equitable Indemnity, and Contribution.  Reichhold argues that the claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), as they fail to state claims per the standard established in Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955, 1965 (2007).

**A.  Motion to Dismiss Standard**

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate enough facts "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)).  The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. See Linder v. Portocarrero, 963 F.2d 332, 334-36 (11th Cir. 1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967)).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint, and "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Twombly, 127 S. Ct. at 1969 n.8 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**B. Reichhold's Motion to Dismiss**

    **1. Count V: Indemnity and Count IX: Equitable Indemnity**

Reichhold argues that Jeld-Wen fails to establish a claim for indemnity, either common law or equitable indemnity. At the outset, Reichhold argues that these claims are the same, as common law indemnity is an equitable remedy arising from obligations imposed through special relationships. See Rosenberg v. Cape Coral Plumbing, Inc., 920 So. 2d 61, 65 (Fla. 2d DCA 2005) (citing Camp, Dresser & McKee, Inc. v. Paul N. Howard Co., 853 So. 2d 1072, 1077 (Fla. 5th DCA 2003)). Under either claim, Reichhold argues that there is no special relationship between the parties, as required under Florida law. In response, Jeld-Wen argues that there was a special relationship between itself and Reichhold arising from Reichhold's representations that its resins were suitable for use in windows and doors in hurricane-prone regions, Reichhold's knowledge that Glasslam would supply its products to subsequent purchasers, and Reichhold's duty to ensure the suitability of its products.

To succeed on a claim for indemnity, it must be demonstrated that 1) the party seeking the indemnity is without fault and 2) the indemnity is only from the party at fault. Dade County Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 642 (Fla. 1999). However, Florida law imposes an additional requirement–that there be a special relationship between the parties. Id. In Spolski General Contractor, Inc. v. Jett-Aire Corp. Mgmt. of Central Fla., 637 So. 2d 968 (Fla. 5th DCA 1994), a contractor, who had been sued by his client, filed a third-party complaint against the manufacturer of allegedly defective paint. The indemnity claim was dismissed because there was no relationship between the contractor and the manufacturer–there was no sale

from the manufacturer to the contractor, there was no privity, no contract, no warranty, and thus no indemnity because there was no relationship. Similarly, the Court finds there is no relationship between Reichhold and Jeld-Wen–there was no direct sale between the parties, no contract, no warranty and thus no relationship. In Houdaille, the Supreme Court of Florida indicated that merely alleging that the other party is solely liable is insufficient to create a claim for indemnity, as a relationship that would establish vicarious, constructive, derivative, or technical liability is still required. Houdaille Indus., Inc. v. Edwards, 374 So. 2d 490, 494 (Fla. 1979); see also, Walter Taft Bradshaw & Assocs., P.A. v. Bedsole, 374 So. 2d 644 (Fla. 4th DCA 1979). Beyond asserting that Reichhold is solely liable, Jeld-Wen has not pled facts to support such a relationship.

### 2. Count VII: Contribution

Reichhold also argues that the final count alleged in the Third-Party Complaint against it should be dismissed for failure to state a claim. Reichhold asserts that contribution only arises among joint tortfeasors and cannot be asserted in a contract-based action. As the Plaintiffs' Complaint is premised on contract-related actions, contribution is not appropriate. Furthermore, Plaintiffs' claim for violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) is a statutory cause of action and not a traditional tort. Reichhold argues that there is no precedent in Florida law for allowing contribution based on a FDUPTA claim. In addition, Plaintiffs' claim is premised upon Jeld-Wen's own intentional, willful, or wanton conduct in selling windows it knew were defective and failing to disclose this fact to consumers. Thus, as contribution is not available to a tortfeasor who has intentionally caused or contributed to the injury, the claim fails. See Fla. Stat. § 768.31(2)(c). Therefore, even if Plaintiffs ultimately

prevail on this count, it would be based on a finding that Jeld-Wen had acted intentionally, willfully, or wantonly. Therefore, contribution would not be available.

In Response, Jeld-Wen quotes the Florida Uniform Contribution Among Tortfeasors Act, which states "when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right to contribution among them even though judgment has not been recovered against all or any of them." Fla. Stat. § 768.31(2)(a). Jeld-Wen then argues that Reichhold's discussion of the contract or quasi-contract claims brought by Plaintiffs is irrelevant, yet fails to point to any case law or engage in any discussion as to why this is so. Jeld-Wen further contends that as Reichhold has defended the contract claims in the previous cases as if they were tort claims, they should not be allowed to refute tort concepts from entering the case.

As for Jeld-Wen's arguments that Reichhold has itself brought tort concepts into the litigation, the Court, as discussed in the background above and in numerous orders in the related litigation, has consistently indicated that actual causation of damages is appropriate as to the legal cause of damages to Jeld-Wen's windows and doors. See e.g., Case No. 05-60860 [DE-305] (S.D. Fla. May 15, 2007) at p. 14.[5] Thus, the Court does not find this argument on point, nor sufficient to allow contribution in this case. As Jeld-Wen itself points out, contribution is

---

[5] "[A] party cannot recover actual damages for breach of contract 'unless it can prove that the damages were *proximately caused by the breach*.' Crowley Am. Transport v. Richard Sewing Mach. Co., 172 F.3d 782, 784 (11th Cir. 1999) (emphasis added); see also Cibran Enter., Inc. v. BP Prods. N. Am., Inc., 365 F. Supp. 2d 1241, 1258 (S.D. Fla. 2005) ('Under Florida law, a contract plaintiff may recover . . . the damages that are the natural and proximate result of the default, subject to the rules of foreseeability and certainty.'); Travelers Indem. Co. v. Parkman, 300 So. 2d 284, 285 (Fla. 4th DCA 1974) ('[I]n actions sounding in contract . . . damages recoverable are limited to those which are the natural and proximate result of the breach, or such as may reasonably be supposed to have been within the contemplation of the parties at the time they made the contract.')."

available "when two or more persons become jointly or severally liable in *tort* for the same injury to person or property, or for the same wrongful death . . .." Fla. Stat. § 768.31. (emphasis added). It is not available for a contract-based action. Iowa Mut. Ins. Co. v. Lopez, 444 So. 2d 1021, 1021 (Fla. 3d DCA 1984). Given that the allegations in the Plaintiffs' Complaint and Jeld-Wen's Third-Party Complaint are premised on contracts involving the resin and the glass products amongst the relative parties, the Court finds Jeld-Wen fails to state a claim for contribution. As for the FDUTPA claim, this is a statutory cause of action and thus, the Court finds no authority to extend a right to contribution to such a claim. For these reasons, Jeld-Wen's Third-Party Complaint against Reichhold fails to state a claim under the standards of 12(b)(6).

### III. CONCLUSION

Accordingly, for the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1) Third-Party Defendant Reichhold's Motion to Dismiss Jeld-Wen's Third-Party Complaint [DE-110] is **GRANTED**.

2) Plaintiff's Third-Party Complaint is hereby **DISMISSED** as to Third-Party Defendant Reichhold, without prejudice to Third-Party Plaintiff filing an Amended Complaint on or before July 14, 2008.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 30th day of June, 2008.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record