UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 07-22328-CIV-DIMITROULEAS/ROSENBAUM

SUZANNE JONES, LES and LAUREN ROSEN and
DEAN and LISA SACERDOTE,

    Plaintiffs,

vs.

JELD-WEN, INC.,

    Defendant.
_____/

JELD-WEN, INC., individually and as assignee
of the claims of Cardinal IG Company,

Third-Party Plaintiff,

vs.

NEBULA GLASS INTERNATIONAL, INC.,
d/b/a GLASSLAM and N.G.I., INC., and
REICHHOLD, INC.

Third-Party Defendants
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION OF DENIAL OF CLASS CERTIFICATION

THIS CAUSE is before the Court upon Plaintiffs' Motion for Reconsideration of Court's Order Denying Class Certification, filed herein on June 18, 2008. [DE-182]. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

"The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" Burger King Corp. v. Ashland Equities, Inc., 181 F.

Supp. 2d 1366, 1369 (S.D. Fla. 2002) (quoting Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).  Three major grounds justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  Id. (citing Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); Sussman v. Salem Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla 1994)).  "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly."  Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing Mannings v. School Board of Hillsborough County, 149 F.R.D. 235, 235 (M.D. Fla. 1993)).  For a court to reconsider its prior judgment the moving party must present facts or law of a "strongly convincing nature" that would induce a court to reverse its prior decision.  Id. (citing Sussman, 153 F.R.D. at 694).  "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions."  Id. (citing Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)).

After carefully considering Plaintiffs' Motion, the Court finds that the issues raised do not justify reconsideration of the Court's Order Denying Class Certification.  A repeat of Plaintiffs' arguments, previously submitted and considered by the Court, are not sufficient grounds for reconsideration.  The Court notes that on July 23, 2008, Plaintiffs filed a Motion to Strike Third-Party Defendant Reichhold's Response [DE-189] and Defendant Glasslam's Notice of Adoption [DE-190], arguing that as Reichhold's Motion to Dismiss Jeld-Wen's Third-Party Complaint against it was granted on June 30, 2008, and therefore, Reichhold is in no position to file the Response.  However, regardless of Reichhold's arguments, the Court, as noted above, has not been persuaded that reconsideration of the denial of class certification is warranted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiffs' Motion for Reconsideration of Court's Order Denying Class Certification [DE-182] is hereby **DENIED**.

2) Plaintiff's Motion to Strike [DE-193] is hereby **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 24th day of July, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record