UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-22328-CIV-DIMITROULEAS/ROSENBAUM

SUZANNE JONES, LES and LAUREN ROSEN and
DEAN and LISA SACERDOTE,

    Plaintiffs,

vs.

JELD-WEN, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND

THIS CAUSE is before the Court upon Plaintiffs' Motion to Remand, filed herein on August 27, 2008. [DE-199]. The Court has carefully considered the Motion, Defendant's Response [DE-200], notes no Reply was filed and the time for such filing has passed, and is otherwise fully advised in the premises.

### I. BACKGROUND

The instant action stems from a lengthy path of litigation revolving around glass products and resin. However, the Court will provide a condensed version of the facts and procedural history as relevant to the instant Motion. Plaintiffs filed the original complaint in this case in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida on August 14, 2007, Case No. 07-25640CA25. [DE-1]. The original complaint named as Defendants, Jeld-Wen, Inc. ("Jeld-Wen"), Nebula Glass International, Inc., d/b/a Glasslam and N.G.I., Inc. ("Glasslam"), and Cardinal IG Company, ("Cardinal"). Defendant Jeld-Wen removed the case on September 5, 2007, asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28

U.S.C. 1332 § (d)(2)(A).[1] [DE-1]. Cardinal and Glasslam were voluntarily dismissed on November 9, 2007. [DE-57; DE-58]. Subsequently, on January 8, 2008, Plaintiffs filed an Amended Class Action Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 23, naming only Jeld-Wen as a Defendant. [DE-83].

The Plaintiffs are Florida residents who purchased "hurricane proof" impact-resistant windows and glass doors from Defendant Jeld-Wen. Jeld-Wen Inc. is an Oregon corporation that is in the business of manufacturing and selling glass products, including laminated glass. From 1997 to 2003, Jeld-Wen's Pozzi and Caradco divisions manufactured wood windows and doors incorporating laminated, hurricane-resistant glass products, which were made using the "Safety-Plus" system developed and licensed by Glasslam, a Florida corporation. Glasslam was supplied with a resin for its glass by Reichhold, Inc., a Delaware corporation, with manufacturing plants in Florida. Jeld-Wen and Cardinal, a Minnesota corporation, purchased resins from Glasslam. Cardinal manufactured, and sold to Jeld-Wen, Safety-Plus glass containing the resin, which Jeld-Wen incorporated into the manufacture of impact-resistant glass for use in hurricane-prone regions. Subsequently, Jeld-Wen began receiving complaints from customers as to failures in the laminated glass–the glass was delaminating and discoloring. Glasslam has since admitted that the resin is defective, due to the absence of Tinuvin 328, an ultra-violet light absorber Glasslam

---

[1]The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which–
   (A)any member of a class of plaintiffs is a citizen of a sTate different from any defendant;
   (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
   (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.
28 U.S.C. § 1332(d)(2).

had required, and because the resin was "undercooked."

In the Complaint, Plaintiffs claim their homes contain Jeld-Wen impact resistant windows and glass doors, manufactured with resin supplied by Glasslam and glass products supplied by Cardinal. The Plaintiffs are Suzanne Jones, a resident of Miami-Dade County, and Dean and Lisa Sacerdote, residents of Martin County.[2] According to the Complaint, Jeld-Wen knew or should have known that the windows and glass doors were not suitable for residential or commercial use and that the windows were subject to fail due to defective resin and/or a uniform design defect. The Complaint further alleges that Jeld-Wen, upon learning of the defect, should have disclosed this to its customers and fully compensated them for all damages arising from the defect. The Complaint claims that though Jeld-Wen has offered to provide new windows and doors to some customers, it is holding customers responsible for the installation costs. The Complaint brings claims for (I) Breach of Implied Warranty of Merchantability; (II) Breach of Implied Warrranty of Fitness for a Particular Purpose; (III) Violation of Florida Deceptive and Unfair Trade Practices Act; and (IV) Unjust Enrichment.

On January 18, 2008, Jeld-Wen filed a Third-Party Complaint in this action, individually and as assignee of Cardinal's claims, against Glasslam and Reichhold. [DE-90]. This Court granted Reichhold's Motion to Dismiss on June 30, 2008. [DE-188]. Jeld-Wen then dismissed the claims against Glasslam on August 4, 2008. [DE-195]. Thus, the only claims remaining in this case are those in the Amended Complaint by the Jones and Sacerdote Plaintiffs against Jeld-Wen.

---

[2] Les and Lauren Rosen were named as Plaintiffs in the Amended Class Action Complaint, but they filed a Joint Stipulation for Dismissal, dismissing the claims against Jeld-Wen on June 26, 2008. [DE-184]. The Court subsequently dismissed their claims. [DE-186].

On March 3, 2008, Plaintiffs filed a Motion for Class Certification, seeking to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(3). [DE-112]. This Court denied Plaintiffs' Motion for Class Certification on June 13, 2008. [DE-179]. The Court found that issues involving individualized proof dominated over any generalized issues common to the class and that a class action was not the superior method for addressing these claims. On July 24, 2008, this Court denied Plaintiffs' Motion for Reconsideration. [DE-194]. Plaintiffs have not filed a Notice of Appeal of the denial of class certification.

## II.  DISCUSSION

In the instant Motion, Plaintiffs seek to remand this action to state court. Plaintiffs argue that as their class certification has been denied, there no longer exists jurisdiction under CAFA. Defendants argue that though the class was denied, this Court retains jurisdiction, as it was established at the time of removal.

As Defendants have noted, there are conflicting decisions on this issue. Within this district there are two cases that reach opposite conclusions. In Colomar v. Mercy Hospital, Inc., 2007 WL 2083562 (S.D. Fla. July 20, 2007), Judge Seitz retained jurisdiction after the denial of class certification. Colomar v. Mercy Hosp., Inc., 2007 WL 2083562, *3 (S.D. Fla. July 20, 2007). That case had been removed and subsequently the only diverse co-defendant was dismissed. Id. at *2. The court held that jurisdictional facts are to be evaluated as they stood at the time of removal and thus jurisdiction continued in federal court. Id. (citing Miedema v. Maytag Corp., 450 F.3d 1322, 1331 (11th Cir. 2006); Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56-57 (2d Cir. 2006)). In general in the cases retaining jurisdiction even after the denial of class certification, the courts adhere to the principle that "diversity jurisdiction is determined at the

4

time the complaint is filed [therefore, t]he subsequent reduction in the amount in controversy and elimination of the class claims does not remove that diversity jurisdiction." Genenbacher v. CenturyTel Fiber Co. II, LLC, 500 F. Supp. 2d 1014, 1015 (C.D. Ill. 2007) (while CAFA may have expanded the requirements for diversity jurisdiction, it "did not establish a new basis for jurisdiction"); accord Davis v. Homecomings Financial, 2007 WL 905939, *1 (D. Wash. Mar. 22, 2007) (though amount in controversy reduced, jurisdiction continued); Moniz v. Bayer A.G., 447 F. Supp. 2d 31, 36 (D. Mass. 2006) (in denying remand, court held that it should evaluate based on allegations at time of removal); Robinson v. Holiday Universal, 2006 WL 470592, *3 (E.D. Pa. Feb. 23, 2006) (plaintiffs were denied in their attempt to dismiss diverse defendant and remand as the court should look at case at time removal filed); Dinkel v. G.M.C., 400 F. Supp. 2d 289, 294 (D. Me. 2005) (once properly have jurisdiction at time of removal subsequent events cannot undo). The court in Colomar also found it significant that the plaintiffs moved to remand two years after removal and after the defendants had filed for summary judgment. Colomar, 2007 WL 2083562 at *3. Thus, considerations of judicial economy, convenience, fairness, and comity were also taken into account in determining whether to remand. Id. (citing Davis, 2007 WL 905939 at * 2).

In contrast, in Clausnitzer v. Federal Express Corporation, 2008 WL 4194837 (S.D. Fla. June 18, 2008), Judge Altonaga held that there was no jurisdiction after the denial of class certification. Clausnitzer v. Fed. Express Corp., 2008 WL 4194837, *3 (S.D. Fla. June 18, 2008). In that case, the complaint was originally filed in federal court. Id. at *1. The court noted that there was no other basis for federal jurisdiction after the denial and as the time to amend had passed, there was no foreseeable possibility of future certification. Id. at *1; *4; see also,

Arabian v. Sony Electronics, Inc., 2007 WL 2701340, *5 (S.D. Cal. Sept. 13, 2007) (jurisdiction lacking after denial of class certification, as no other basis for federal jurisdiction and no reasonable possibility of a renewed class existed); Giovanniello v. New York Law Publishing Co., 2007 WL 2244321, n. 11, *4 (S.D.N.Y. Aug. 6, 2007) (as minimal amount not met for diversity, there was no basis for jurisdiction since whenever it appears that court lacks subject matter jurisdiction, the court must dismiss); Falcon v. Philips Electronics N. Am. Corp., 489 F. Supp. 2d 367, 368-69 (S.D.N.Y. 2007) (if a reasonable possibility of certification of a class exists, then jurisdiction could continue, but did not exist in that case); Gonzalez v. Pepsico, Inc., 2007 WL 1100204, *4 (D. Kan. Apr. 11, 2007) (explaining, without deciding, that if the class was denied, then general diversity requirements would have to be established); McGaughey, 2007 WL 24935, *3 (S.D.N.Y. Jan. 4, 2007) (CAFA class action dismissed and there was no jurisdiction over individual claims as none met jurisdictional minimum of $75,000, therefore case dismissed).  The court held that a denial of class certification does not constitute a jurisdictional fact.  Clausnitzer, 2008 WL 4194837 at *4.  Whether or not a class should be certified is a legal conclusion reached by the court, therefore, the principle that subsequent changes to jurisdictional facts do not affect jurisdiction would not apply to a CAFA class denial. Id. (Whether class exists "is a legal conclusion that the district court must reach in order for jurisdiction to properly exist in the first place.").

Though recognizing this is a close issue with conflicting conclusions reached in various district courts, the Court finds more persuasive the reasoning in Clausnitzer and the other cases holding that there is no longer jurisdiction.  The class claims were alleged in the Complaint, they were not jurisdictional facts similar to the citizenship of a party.  Cf. 28 U.S.C. § 1332(d)(7)

(indicating that citizenship of the members of the proposed class shall be determined at the date of a filing that shows existence of federal jurisdiction). The Court's June 13, 2008 Order found that the class certification was not warranted–"essentially [finding] that there is not-and never was-diversity jurisdiction over [Plaintiffs'] claim[s] pursuant to CAFA." Arabian, 2007 WL 2701340 at *5.

Furthermore, the Court finds that there is not a foreseeable possibility that the Plaintiffs may obtain certification in the future. First, this Court's Scheduling Order of October 10, 2007, set the deadline for amendments to the pleadings at January 7, 2008. [DE-34]. Secondly, the Court would note that Plaintiffs did not appeal the denial of class certification within ten days, as prescribed by Federal Rule of Civil Procedure 23(f). Finally, as the Court explained in the Order Denying Class Certification, given the nature of the glass and any potential defects, the individual issues substantially predominate over any common ones.[3] Thus, there is no clear possibility that certification may be obtained in the future. In addition, there does not appear to be any other basis for federal jurisdiction.[4] The claims in the Complaint are state law claims. Cf.

---

[3] As has been explained by this Court in the Order Denying Class Certification and consistently held throughout the series of litigations involving Jeld-Wen, Glasslam, and Reichhold. For example, in the case known as Jeld-Wen I, the jury was instructed to determine whether the defective resin was a legal cause of the damages for each pane of glass, on a house by house basis. Jeld-Wen v. Glasslam, Case No. 05-60860 [DE-361; DE-362]; see also, Jeld-Wen v. Glasslam, et al., Case No. 07-22326 (known as Jeld-Wen II), Order on Summary Judgment Motions [DE-526 at 13] (S.D. Fla. June 5, 2008) ("the issue of causation–the damages proximately caused by the breach and the amount of those damages–remains"); Glasslam v. Reichhold, (known as Glasslam II), Case No. 05-60704, Order on Summary Judgment Motions [DE-108 at 14-15] (S.D. Fla. Oct. 30, 2006) ("[a]lthough the jury in Glasslam I [Glasslam v. Reichhold, Case No. 02-60703], found causation for all customers in that case, there are many variables that might lead another jury to a different outcome as to the windows at issue in this case.").

[4] The Court also finds it interesting, though not germane to the decision reached herein, that the lawyers currently representing Jeld-Wen and arguing for federal jurisdiction under CAFA, are the same lawyers who previously represented Reichhold in opposing Plaintiffs' request for class certification.

28 U.S.C. § 1331 (federal question jurisdiction). While Plaintiffs and Defendant are diverse, there has been no showing that the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332(b). See Miedema, 450 F.3d at 1328, 1330 (CAFA does not disturb traditional rule that removing party bears the burden of proof in establishing federal court jurisdiction, including proof by preponderance of evidence that amount in controversy exceeds jurisdictional minimum).

In Miedema v. Maytag Corporation, the Eleventh Circuit affirmed the district court's remand of a CAFA case for lack of subject matter jurisdiction. Miedema, 450 F.3d at 1332. In that case, the district court, construing all doubts in favor of remand, held that the amount in controversy had not been established. Id. at 1325. The Eleventh Circuit stated that the rule that federal courts must construe removal jurisdiction narrowly and resolve any doubts regarding the existence of jurisdiction in favor of the party seeking remand was not affected by the adoption of CAFA. Id. at 450 F.3d 1328-29. See also, Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (resolve any doubts as to jurisdiction in favor of remand). "While the text of CAFA plainly expands federal jurisdiction over class actions and facilitates their removal, '[w]e presume that Congress legislates against the backdrop of established principles of state and federal common law, and that when it wishes to deviate from deeply rooted principles, it will say so.'" Miedema, 450 F.3d at 1329 (quoting United States v. Baxter Int'l, Inc., 345 F.3d 866, 900 (11th Cir. 2003)). As the Court held that the well-established rules relating to removal were not affected by CAFA, this presumably would extend to the established rule that subsequent events do not affect jurisdictional facts as established at the time of removal. Cf. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 193-94 (1938) (subsequent determinations as to

8

jurisdictional facts do not affect jurisdiction). However, as addressed above, the Court does not find class certification to be a jurisdictional fact and thus will adhere to the established principle that any doubts should be resolved in favor of remand. See 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. CONCLUSION

 Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiffs' Motion to Remand [DE-199] is hereby **GRANTED**.

2) The above-styled case is hereby **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

3) The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 07-25640CA25.

4) The clerk shall **CLOSE** this case.

5) All pending motions are hereby denied as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of October, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Clerk of Court

Joel S. Perwin, Esq.

Manuel L. Dobrinsky, Esq.

Randy Rosenblum, Esq.

Todd O. Malone, Esq.

George K. Lang, Esq.

Matthew Sheynes, Esq.

Richard J. Burke, Esq.

Christina M. Schwing, Esq.

R. Troy Smith, Esq.

Sanford L. Bohrer, Esq.